1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 750
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Daniel Burr, individually and on
behalf of all others similarly situated,

Plaintiff,

-against-

Midland Credit Management, Inc.;

Defendant(s).

Case No.: **'23 CV 2081 H     AHG**

**CLASS ACTION COMPLAINT** for
violations of the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692 *et seq*.

**JURY DEMAND**

Plaintiff Daniel Burr (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through his attorneys, against the Defendant Midland Credit Management, Inc. (hereinafter "Defendant" or "MCM"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate, see id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

3.     On November 30, 2021, the Consumer Financial Protection Bureau ("CFPB"), issued Regulation F, 12 C.F.R. § 1006,[1] which details what communications can be sent at what time by a debt collector to a debtor. This includes electronic communications such as emails and text messages.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et seq. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6.     Plaintiff brings this class action on behalf of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

7.     Plaintiff is seeking damages and declaratory relief.

---

[1] *12 CFR Part 1006 - Fair Debt Collection Practices Act (Regulation F)*, CONSUMER FINANCIAL PROTECTION BUREAU, Nov. 30, 2021, https://www.consumerfinance.gov/rules-policy/regulations/1006/.

**PARTIES**

8.    Plaintiff is a resident of the State of Iowa, County of Scott.

9.    Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at 350 Camino De La Reina, Suite 100, San Diego, California 92108.

10.    Upon information and belief, Defendant MCM is a corporation that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

**CLASS ALLEGATIONS**

11.    Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.    The Class consists of:

    a.  all individuals who received an electronic communication from the Defendant;

    b.  at an unusual time, specifically before 8:00am and after 9:00pm; and

    c.  which communication was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13.    The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's electronic communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692c, 1692e, and 1692f.

16.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

17.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's electronic communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692c, 1692e and 1692f.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any

interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.   Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

21.    Some time prior to November 11, 2022, an obligation was allegedly incurred to a non-party.

22.    The non-party's obligation arose out of transactions which were primarily for personal, family or household purposes.

23.    The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.    Thus, the non-party is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.    According to the Defendant's email described below, the non-party contracted with Defendant to collect the alleged debt.

26.    Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

27.    At 12:10am on November 11, 2022, Defendant sent the Plaintiff a collection communication via email (the "Email") regarding the alleged debt owed. A true and accurate copy of the Email from the Defendant to the Plaintiff is attached hereto as Exhibit A.

28.    Prior to that email, Defendant sent an initial email to the Plaintiff on or around 10:29pm on November 10, 2022.

29.    Pursuant to Regulation F, a debt collector must not send an electronic collections communication to a debtor at an unreasonable time:

> (1) Prohibitions regarding unusual or inconvenient times or places. Except as provided in paragraph (b)(4) of this section, a debt collector must not communicate

or attempt to communicate with a consumer in connection with the collection of any debt:

> (i) At any unusual time, or at a time that the debt collector knows or should know is inconvenient to the consumer. In the absence of the debt collector's knowledge of circumstances to the contrary, a time before 8:00 a.m. and after 9:00 p.m. local time at the consumer's location is inconvenient; or

> (ii) At any unusual place, or at a place that the debt collector knows or should know is inconvenient to the consumer.

12 C.F.R. § 1006.6(b)(1) (emphasis added).

30. Defendant's conduct does not fall under the two exceptions presented under subsection (b)(4) of Regulation F:

> (4) Exceptions. The prohibitions in paragraphs (b)(1) through (3) of this section do not apply when a debt collector communicates or attempts to communicate with a consumer in connection with the collection of any debt with:
> (i) The prior consent of the consumer, given directly to the debt collector during a communication that does not violate paragraphs (b)(1) through (3) of this section; or

> (ii) The express permission of a court of competent jurisdiction.

12 C.F.R. § 1006.6(b)(4).

31. Regulation F was intended to supplement and provide more ways to regulate the debt collection industry through the FDCPA:

> **This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt**

**collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses.** This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection, in light of the facts and circumstances. Finally, this part imposes record retention requirements to enable the Bureau to administer and carry out the purposes of the FDCPA, the Dodd-Frank Act, and this part, as well as to prevent evasions thereof. The record retention requirements also will facilitate supervision of debt collectors and the assessment and detection of risks to consumers.

12 C.F.R. § 1006.1(b) (emphasis added).

32.    Pursuant to 15 U.S.C. § 1692c(a), a debt collector violates the FDCPA when it communicates to a debtor at an unusual time:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt —

(1) **at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location**; . . .

(emphasis added).

33.    The FDCPA defines communication as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

34.    According to the comments provided by the CFPB, "'[a]ny medium' includes any oral, written, electronic, or other medium. For example, a communication may occur in person or by telephone, audio recording, paper document, mail, email, text message, social media, or other electronic media."[2]

35.    Pursuant to 15 U.S.C. § 1692e(10), a debt collector may not use any "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

36.    Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

37.    Defendant's electronic communications that were sent at unusual times in violation of 15 U.S.C. § 1692c and Regulation F are deceptive means of attempting to collect on a debt as well as to obtain more information related to the Plaintiff.

38.    Pursuant to Regulation F and the FDCPA, Defendant's electronic communications to the Plaintiff violate multiple provisions of the FDCPA.

---

[2] *Comment for 1026.2 — Definitions – 2(d) Communicate or Communication (1) Any medium*, CONSUMER FINANCE PROTECTION BUREAU, https://www.consumerfinance.gov/rules-policy/regulations/1006/interp-2/#2-d-Interp-1

39.   Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

40.   The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

41.   As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

42.   For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

43.   Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with these correspondences sent at unusual times.

44.   Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

45.   Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

46.   Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the

FDCPA provides Plaintiff with the legally protected right to not be disturbed with electronic communications at unusual times for a consumer debt.

47.    Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

48.    Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

49.    Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be harassed or treated unfairly in connection with the collection of a debt.

50.    Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

51.    In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

52.    Based on Defendant's communications to Plaintiff at an unusual time, Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

53.  As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c *et seq.*

54.  Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

55.  Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

56.  Pursuant to 15 U.S.C. § 1692c(a)(1), absent prior consent, express permission from a court, or information to the contrary, a debt collector may not communicate with a consumer at any unusual time, the default of which is any time before 8am and after 9pm.

57.  By sending the collection communications attached as Exhibit A at 10:29pm and 12:10am, the Defendant violated 15 U.S.C. § 1692c:

    a.  By sending electronic communications at an unusual time without the Plaintiff's prior express consent nor the express permission of a court of competent jurisdiction.

58.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692c et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

59.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

61.     Pursuant to 15 U.S.C. § 1692e(10), the following is a violation of the FDCPA:

> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

62.     By sending the collection communication attached as Exhibit A, the Defendant violated 15 U.S.C. § 1692e:

> a. By making a false representation or using deceptive means to collect or attempt to collect any debt in violation of § 1692e(10).

63.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

64.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

66.     Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

67.     Defendant violated 15 U.S.C. § 1692f:

   a. By unfairly and unconscionably sending electronic communications to the Plaintiff at unusual times.

68.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f et seq. of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

69.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Daniel Burr, individually and on behalf of all others similarly situated, demands judgment from the Defendant Midland Credit Management, Inc., as follows:

a)     Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Jonathan Stieglitz, Esq., as Class Counsel;

b)     Awarding the Plaintiff and the Class statutory damages;

c)     Awarding the Plaintiff and the Class actual damages;

d)     Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)     Awarding pre-judgment interest and post-judgment interest; and

f)     Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: November 9, 2023

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By:   */s/ Jonathan A. Stieglitz*
Jonathan A. Stieglitz

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28